**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000102
26-JUN-2012
10:59 AM**

NO. CAAP-12-0000102

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RAYMOND GURROBAT, individually and on behalf of a Class of Similarly Situated Persons, Plaintiff-Appellee/Cross-Appellant,
v.
HTH CORPORATION; PACIFIC BEACH CORPORATION, LLC, d.b.a. PACIFIC BEACH HOTEL, Defendants-Appellants/Cross-Appellees,
and
DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-2528)

ORDER GRANTING PLAINTIFF/APPELLEE/CROSS-APPELLANT
RAYMOND GURROBAT'S MAY 7, 2012 MOTION TO DISMISS
APPEAL NO. CAAP-12-0000102 FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Upon review of (1) Plaintiff/Appellee/Cross-Appellant Raymond Gurrobat's (Appellant Gurrobat) May 7, 2012 motion to dismiss Appeal No. CAAP-12-0000102 for lack of jurisdiction, (2) the lack of any opposition thereto, and (3) the record, it

appears that the Honorable Karl K. Sakamoto's January 18, 2012 judgment does not satisfy the requirements for an appealable final judgment under Hawaiʻi Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011), Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994), and, thus, we lack jurisdiction over Appeal No. CAAP-12-0000102.

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. The Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338.

> <u>[I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must (i) identify the claims for which it is entered</u>, <u>and (ii) dismiss any claims not specifically identified</u>[.]

<u>Id.</u> (emphases added).

> <u>For example: "pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint.</u>" A statement that declares "there are no other outstanding claims" is not a judgment. <u>If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example</u>, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "<u>all other claims, counterclaims, and cross-claims are dismissed</u>."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added).

When interpreting the requirements for a judgment under HRCP

Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis).

"[A]n appeal from any judgment will be dismissed as premature if

the judgment does not, on its face, either resolve all claims

against all parties or contain the finding necessary for

certification under HRCP [Rule] 54(b)."  Id. (emphasis added).

Although Appellant Gurrobat's second amended complaint

asserted multiple causes of action against Defendants/Appellants/

Cross-Appellees HTH Corporation (Appellant HTH Corporation) and

Pacific Beach Corporation, LLC, dba Pacific Beach Hotel

(Appellant Pacific Beach Corporation), pursuant to HRS § 480-2

(2008), HRS § 481B-14 (2008) and HRS § 388-6 (1993), the

January 18, 2012 judgment does not specifically identify the

cause of action or causes of action on which the circuit court

intends to enter judgment in favor of Appellant Gurrobat and

against Appellee HTH Corporation and Appellee Pacific Beach

Corporation.  Therefore, the January 18, 2012 judgment does not

satisfy the requirements for an appealable judgment under HRS

§ 641-1(a), HRCP Rule 58 and the holding in Jenkins.  Absent an

appealable judgment, the appeal and cross-appeal in Appeal No.

CAAP-12-0000102 are premature and we lack appellate jurisdiction

over Appeal No. CAAP-12-0000102.

Accordingly, IT IS HEREBY ORDERED that Appellant Gurrobat's May 7, 2012 motion to dismiss Appeal No. CAAP-12-0000102 for lack of jurisdiction is granted, and the appeal and cross-appeal in Appeal No. CAAP-12-0000102 are dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 26, 2012.

Presiding Judge

Associate Judge

Associate Judge